**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ANA MOTA, a minor, by and through her parents and next friends, NANCY JIMENEZ-MOTA and RAFAEL MOTA,**<br>**Plaintiffs,**<br>**v.**<br><br>**GRAND PRAIRIE INDEPENDENT SCHOOL DISTRICT; and GABRIEL A. TRUJILLO, in his official capacity as Superintendent of Schools of Grand Prairie Independent School District,**<br>**Defendants.** | **Civil Case No. 3:26-cv-03752-M** |

**PLAINTIFF'S EXPEDITED MOTION FOR LEAVE TO DEPOSE JORDAN THOMAS AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Ana Mota, a minor appearing through her parents and next friends, Nancy Jimenez-Mota and Rafael Mota, respectfully moves under Federal Rules of Civil Procedure 26(d) and 30(a)(2) for limited expedited discovery permitting Plaintiff to depose Jordan Thomas before Plaintiff's November 5, 2026 deadline to file her reply in support of her Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff requests an order requiring the deposition to occur no later than November 4, 2026, at noon, or at another time before the reply deadline that the parties agree upon.

## **I.** INTRODUCTION

The Court has ordered Defendants to respond to Plaintiff's request for preliminary injunctive relief by November 4, 2026, permitted Plaintiff to reply by November 5, 2026, and advised that any hearing will occur on November 6, 2026, at 10:00 a.m. Plaintiff seeks

one focused deposition of Jordan Thomas, the South Grand Prairie High School theater director who selected Ana to play Seymour and later communicated the result of a meeting with district administrators concerning her removal from that role.

Mr. Thomas has direct knowledge of matters central to the pending request for preliminary relief: the audition and casting process, the reasons communicated by district administrators for removing Ana, and the production's status and ability to resume. Without his testimony before November 5, Plaintiff will be required to submit her reply without an opportunity to examine a central witness about Defendants' stated reasons and the feasibility of effective relief.

The requested discovery is narrow. Plaintiff seeks one deposition, limited to two hours, confined to subjects directly bearing on the pending motion, and conducted remotely or at another mutually convenient location. The need for that testimony before the Court's accelerated briefing and potential hearing outweighs any burden associated with producing a single witness for a short deposition.

## **II.** STATEMENT OF FACTS

During the week of September 28, 2026, Ana auditioned for South Grand Prairie High School's production of *Little Shop of Horrors*. On October 1, 2026, Mr. Thomas determined that Ana was the best fit for Seymour and selected her for the role. Ana accepted the role and began rehearsing.

Approximately one week later, district administrators informed Mr. Thomas that Ana could not play Seymour because she is female and that a male student should replace her. On October 6, Mr. Thomas left Ana's mother a voicemail stating that district administrators had raised concerns regarding Senate Bill 12 and that we have to remove her from that role. After Ana declined a proposed reassignment to share the role of Audrey, GPISD canceled the production.

The production was scheduled for December 10 through December 12, 2026. Ana is a senior expected to graduate on or about June 1, 2027, and each missed rehearsal reduces the time available to restore and prepare the production.

Plaintiff moved for temporary and preliminary injunctive relief on October 26, 2026. On October 27, 2026, the Court ordered Defendants to respond by November 4, permitted Plaintiff to reply by November 5, and stated that any hearing would occur on November 6 at 10:00 a.m.

## **III.** LEGAL STANDARD

A party ordinarily may not seek discovery before the parties have conferred as required by Rule 26(f), but discovery may proceed when authorized by court order. *Document Operations, L.L.C. v. AOS Legal Techs., Inc.*, 2021 U.S. App. LEXIS 25128, 12 (5th Cir. 2021). When the parties have not stipulated and a party seeks to take a deposition before the time specified in Rule 26(d), Rule 30(a)(2) requires leave of court and directs that leave be granted to the extent consistent with Rule 26(b)(1) and (2). USCS Fed Rules Civ Proc R 30.

Courts in this Circuit employ the good-cause standard when deciding whether to authorize expedited discovery. *Greer v. Dall. IVF1, PLLC*, 2026 U.S. Dist. LEXIS 116212, 3 (E.D. Tex. 2026). The relevant considerations include whether a request for preliminary injunctive relief is pending, the breadth and purpose of the requested discovery, the burden of compliance, and how far the request precedes ordinary discovery. *Mode Glob., LLC v. Kuriger*, 350 F.R.D. 271, 274 (N.D. Tex. 2025). Good cause generally exists when the need for expedited discovery outweighs the resulting prejudice and the request is narrowly tailored to the necessary information. *Elargo Holdings, LLC v. Doe*, 318 F.R.D. 58, 61 (M.D. La. 2016).

The Court has broad discretion to tailor discovery narrowly and determine its timing and sequence. *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

## **IV.** ARGUMENT

**A.** ***The Pending Request for Preliminary Relief and Accelerated Schedule Establish Good Cause.***

Plaintiff seeks Mr. Thomas's testimony for use in briefing and presenting her pending request for preliminary relief. The Court's schedule gives Defendants until November 4 to respond, gives Plaintiff until November 5 to reply, and contemplates a hearing on November 6. Plaintiff therefore has only a brief period in which to obtain testimony bearing directly on the challenged casting decision and the availability of effective relief.

Expedited discovery may be appropriate when it will better enable the court to evaluate the parties' positions and respective likelihood of success in connection with a preliminary-injunction hearing. *Mode Glob., LLC v. Kuriger*, 350 F.R.D. 271, 274 (N.D. Tex. 2025). Here, Mr. Thomas selected Ana for the role and personally communicated what district administrators told him after their October 6 meeting. His testimony will assist the Court in evaluating the reasons for Ana's removal, the sequence of the relevant decisions, and whether and how the production could resume.

The request also addresses a genuinely time-sensitive need. The production was originally scheduled for December 10 through December 12, 2026, and the available rehearsal period continues to diminish. Because Plaintiff's reply is due November 5, discovery taken after that date would not permit Plaintiff to address Mr. Thomas's testimony in her scheduled briefing.

**B.** ***The Requested Deposition Is Narrowly Tailored and Proportional to Its Purpose.***

Plaintiff requests only one deposition, limited to two hours and confined to the following subjects:

**1.** Mr. Thomas's role in the auditions for and casting of *Little Shop of Horrors*;

**2.** His selection of Ana to play Seymour;

**3.** His communications with district or school administrators concerning Ana's casting, removal, or proposed reassignment;

**4.** The October 6, 2026, meeting with district administrators and the decisions or instructions communicated to him;

**5.** The decision to cancel the production and replace it with another production; and

**6.** The present feasibility, scheduling requirements, and practical steps necessary to restore the production and resume rehearsals.

These topics correspond directly to Mr. Thomas's documented involvement. He selected Ana for the role, received the district administrators' direction, and communicated the result to Ana's mother. Plaintiff does not seek broad document discovery, multiple depositions, or inquiry into matters unrelated to the pending request for preliminary relief. Courts assessing good cause consider the breadth and purpose of the discovery and the burden imposed on the responding party. *Elargo Holdings, LLC v. Doe*, 318 F.R.D. 58, 61 (M.D. La. 2016). The requested two-hour deposition is limited to information necessary for the Court's consideration of the pending motion. It may be conducted remotely or at another mutually agreeable location, further reducing any burden.

**C. *The Need for the Deposition Outweighs Any Prejudice or Burden.***

Without expedited discovery, Plaintiff must submit her November 5 reply without examining the person who made the original casting decision and received the administrators' instructions that Ana be removed. Mr. Thomas's testimony may bear directly on disputed issues likely to arise in Defendants' November 4 response, while the compressed schedule leaves no opportunity to pursue that testimony through ordinary discovery.

By contrast, the requested burden is modest: Defendants need only make Mr. Thomas available for a single deposition of no more than two hours. Plaintiff is willing to accommodate Mr. Thomas's teaching schedule, conduct the deposition remotely, and confer promptly regarding a mutually convenient time. The limited scope and flexible format ensure that the deposition will not impose an undue burden.

The need for this testimony before the reply deadline therefore outweighs any prejudice associated with the requested expedited discovery. That balance establishes good cause. *Elargo Holdings, LLC v. Doe*, 318 F.R.D. 58, 61 (M.D. La. 2016).

**D. *The Court Should Establish a Short, Workable Schedule.***

Plaintiff respectfully requests that the Court authorize the deposition to occur no later than noon on November 4, 2026, unless the parties agree to another time before Plaintiff's November 5 reply deadline. Plaintiff further requests permission to serve an amended or expedited notice immediately after entry of the Court's order.

If Mr. Thomas is a nonparty whose attendance requires a subpoena, Rule 30 recognizes that a deponent's attendance may be compelled under Rule 45. USCS Fed Rules Civ Proc R 30. A subpoena may command a person to attend and testify at a specified time and place and must identify the method for recording the deposition. USCS Fed Rules Civ Proc R 45. Plaintiff will take reasonable steps to accommodate Mr. Thomas's schedule and minimize the burden of compliance.

## V. CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court:

**1.** Grant Plaintiff leave to depose Jordan Thomas before the Rule 26(f) conference and before Plaintiff's November 5, 2026 reply deadline;

**2.** Order that the deposition occur no later than noon on November 4, 2026, or at another time before the reply deadline agreed upon by the parties;

**3.** Limit the deposition to two hours on the record and to the subjects identified in this Motion;

**4.** Permit the deposition to occur remotely or at another mutually agreeable location;

**5.** Permit Plaintiff to serve an expedited deposition notice and, if necessary, a subpoena consistent with the Court's order; and

**6.** Grant such other relief as the Court deems just and appropriate.

Dated: October 27, 2026.

Respectfully submitted,

/s/ *Jonathan Winocour*

Jonathan Winocour
Texas Bar No. 24037730
WINOCOUR LAW
1511 East Levee Street, Suite B
Dallas, Texas 75207
Telephone: 214-575-6060
Facsimile: 214-575-6220
Email: jwinocour@winocourlaw.com

*Counsel for Plaintiffs Ana Mota, a minor, by and through her parents and next friends, Nancy Jimenez-Mota and Rafael Mota*

## CERTIFICATE OF CONFERENCE

I certify that on October 27, 2026, I conferred with Angela Tekell, counsel for Defendants, regarding the relief requested in this Motion. Counsel for Defendants stated that Defendants oppose the requested relief. The parties were not able to reach agreement concerning the requested deposition schedule.

/s/ *Jonathan Winocour*

## CERTIFICATE OF SERVICE

I certify that on October 27, 2026, a true and correct copy of the foregoing was served via the Court's ECF system on: Angela Tekell, Counsel for Defendants, atekell@snll-law.com

/s/ *Jonathan Winocour*